## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Jeanette Lapsker, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Northstar Location Services, LLC<br>c/o CT Corporation System<br>208 S. LaSalle Street, Suite 814<br>Chicago, IL 60604, | **Jury Demand Requested** |
| Defendant. | |

### JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff is a õconsumerö as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. (õFDCPAö).

5- Plaintiff incurred a õDebtö as defined in the FDCPA.

6- Defendant is a corporation with its principal office in the State of New York.

7- Defendant acquired the Debt after it was in default.

8- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10- At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS COMMON TO ALL COUNTS

11- Prior to March 30, 2019, Plaintiff incurred an obligation for a personal, medical debt (the "Debt").

12- Prior to March 30, 2019, Plaintiff defaulted on the Debt.

13- On March 30, 2019, Plaintiff filed a voluntary Chapter 7 bankruptcy petition (the "Petition") that included the Debt.

14- By filing a bankruptcy petition, Plaintiff gained the protection of the automatic stay for all debts incurred before March 30, 2019.

15- Despite the Petition, on or around April 2, 2019, Defendant mailed a letter to Plaintiff to collect the Debt.

16- At the time of this communication, Defendant knew, should have known, that Plaintiff had filed bankruptcy.

17- By trying to collect a debt that was included in bankruptcy, Defendant violated the FDCPA.

18- Defendant damaged Plaintiff.

## COUNT I

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT II

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT III

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT IV

25- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

26- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

27- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

28- Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs

    incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.  Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By:*/s/ Richard J. Meier*
Richard J. Meier, Esq.
401 N. Michigan Ave, Suite 1200
Chicago, IL 60611
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*